```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 DALE MORGAN,

                    Plaintiff,              MEMORANDUM & ORDER
                                             21-CV-4581(EK)(RLM)

           -against-

 COMMONWEALTH OF PENNSYLVANIA,
 PENNSYLVANIA STATE POLICE, CENTRE
 COUNTY-PA, MICHAEL D. BROWN, et al.,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

      This action arises from the arrest and nine-day detention of Plaintiff Dale Morgan, which Morgan alleges was the product of mistaken identity.  Pursuant to 42 U.S.C. § 1983, Morgan claims that the defendants — the Commonwealth of Pennsylvania; the Pennsylvania State Police ("PSP"); Centre County, Pennsylvania; Trooper Michael Brown; and certain John Doe law enforcement officers — violated his constitutional rights.  Morgan asserts claims for false arrest, false imprisonment, and malicious prosecution against all defendants, and a *Monell* claim against the Commonwealth, the PSP, and Centre County.  The defendants now move to transfer venue to the U.S. District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404.  As set forth below, the defendants' motion is granted.

### I.   Background[1]

In early 2019, the U.S. Department of Homeland Security, the Pennsylvania State Police, and local law enforcement agencies in Centre County, Pennsylvania, were investigating an identity theft ring.  *See* Am. Compl. ¶ 10, ECF No. 28.  On January 4, 2019, PSP troopers stopped a vehicle whose driver they believed was associated with the criminal operation.  *Id.* ¶¶ 11-12.  During that encounter, the driver — later determined to have been an individual named Horace Henry — tendered a false New York State driver's license containing Dale Morgan's identifying information.  *Id.* ¶ 14.  Following the traffic stop, Trooper Michael Brown applied for an arrest warrant for Morgan.  *Id.* ¶ 20.  On February 1, 2019, a Centre County magistrate judge issued a warrant for Morgan's arrest for offenses including identify theft and receiving stolen property.  *Id.* ¶ 21.

On March 5, 2019, after receiving the Centre County arrest warrant, Detective Michael Langellotti of the New York Police Department issued a fugitive-from-justice complaint against Morgan, a resident of Brooklyn.  *Id.* ¶ 22.  Thereafter, NYPD officers arrested Morgan at his home in the presence of his wife and eight-year-old daughter.  *Id.*  Following his arrest,

---

[1] The following factual allegations are taken from the amended complaint and assumed to be true.

Morgan appeared before a judge in Queens County, who denied bail and remanded him to custody. *Id.* ¶ 33. Morgan was detained for "approximately nine days" at the Vernon C. Bain Correctional Facility in Bronx County. *Id.* ¶ 34. On or about March 26, 2019, Trooper Brown emailed the Queens County District Attorney's Office to inform the office that the "investigation has led to the withdraw[al] of all charges against Mr. Dale Morgan." *Id.* ¶ 38. After further investigation, Horace Henry was ultimately charged with identity theft and other offenses and convicted. *Id.* ¶ 13-14.

## II.  Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C § 1404(a). The court must first determine whether the lawsuit "might have been brought" in the forum where the defendants seek to transfer the case. *Id.* If so, the court then considers the following non-exhaustive set of factors:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).[2] Courts in the Second Circuit also consider factors including "the forum's familiarity with the governing law" and "trial efficiency and the interest of justice." *Children's Network, LLC v. PixFusion LLC*, 722 F. Supp. 2d 404, 409 (S.D.N.Y. 2010). Ultimately, the moving party must show by clear and convincing evidence that transfer is warranted. *See N.Y. Marine*, 599 F.3d at 113-14.

### III. Discussion

Morgan could have brought this action in the Middle District of Pennsylvania because all defendants reside there. *See* 28 U.S.C. § 1391(b)(1); Defs. Mot. to Transfer Venue 2 ("Def. Transfer Br."), ECF No. 30. Moreover, although Morgan's choice of forum weighs against transfer, the remaining factors either favor transfer or are neutral.

**A.   Convenience of the Witnesses**

The convenience of the witnesses favors transfer. This factor is "typically the most important." *Tlapanco v. Elges*, 207 F. Supp. 3d 324, 329 (S.D.N.Y. 2016). In weighing this factor, courts accord more weight to the convenience of non-party witnesses than that of party witnesses. *See id*. The defendants advise that all of the witnesses whose testimony they

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits citations and internal quotation marks.

intend to present reside in Pennsylvania, including non-party witnesses. *See* Def. Transfer Br. 3. In response, Morgan argues that a majority of, if not all, non-party witnesses reside in New York, including the NYPD officers who arrested him and the prosecutors who requested his detention. *See* Pl. Opp. Br. 11, ECF No. 38. But those witnesses would offer testimony about Morgan's arrest and detention — the facts of which are not in dispute. The key issue in this case is whether probable cause existed for Morgan's arrest, and this question turns on the acts (and omissions) of the defendants and others who participated in the criminal investigation in Pennsylvania. *See Tlapanco*, 207 F. Supp. 3d at 330 ("The central question in this case is whether the police had sufficient cause to take each of those investigative steps, not whether they actually did so.").

**B.   Locus of Operative Facts**

For the same reason, the locus of operative facts lies in Pennsylvania. This factor concerns the place where the "acts or omissions for which Defendants could be held liable occurred," and is a "primary" consideration. *Tlapanco*, 207 F. Supp. 3d at 331. While Morgan was arrested and detained in New York, the investigate failures for which Morgan seeks to hold the defendants liable occurred in Pennsylvania. *See id.* at 332 (Per the plaintiff's "own telling," "the shortcomings of this investigation were centered in Michigan," not New York.).

**C.   Availability of Process to Compel Testimony**

The availability of process to compel unwilling witnesses to testify at trial also weighs in favor of transfer. Pursuant to Federal Rule of Civil Procedure 45(c)(1)(A), a district court generally cannot compel a non-party witness to travel more than 100 miles. *See EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 354 (E.D.N.Y. 2012). As discussed above, the relevant non-party witnesses are likely to reside in Pennsylvania, where the alleged acts and omissions of the defendants occurred. Thus, the ability to compel testimony of witnesses in Pennsylvania is the primary concern here.

**D.   Trial Efficiency and the Interest of Justice**

Trial efficiency and the interest of justice also favor transfer. Under New York's long-arm statute, N.Y. C.P.L.R. § 302, a New York court may exercise personal jurisdiction over a non-domiciliary in certain circumstances. Here, Morgan alleges personal jurisdiction under subsections 302(a)(1) and 302(a)(2). *See* Am. Compl. ¶ 3. Those provisions provide for the exercise of personal jurisdiction over a party that "[t]ransacts any business within the state or contracts anywhere to supply goods or services in the state" or "[c]ommits a tortious act within the state," respectively. N.Y. C.P.L.R. § 302(a)(1), (2). Morgan does not allege that Centre County transacts business in New York. Nor does he allege that any

6

Centre County officials were present in New York when the allegedly tortious conduct occurred. *See Ferri v. Berkowitz*, 678 F. Supp. 2d 66, 77 (E.D.N.Y. 2009) (Subsection 302(a)(2) applies "only when the Defendant is physically present in the state when the tort is committed."). Morgan does allege that the NYPD and the Queen's County District Attorney's Office acted as the defendants' agents, *see* Am. Compl. ¶¶ 36, 73, but that is a legal conclusion for which Morgan alleges no supporting facts. *See Grosz v. Cavalry Portfolio Servs., LLC*, No. 17-CV-3166, 2019 WL 4888583, at *3 (E.D.N.Y. Sept. 30, 2019) ("The existence of an agency relationship is a legal conclusion and thus this allegation is not assumed to be true.").

Given that Morgan has not adequately alleged a basis for this Court to exercise personal jurisdiction over Centre Country, a transfer to the Middle District of Pennsylvania, which would have personal jurisdiction over all defendants, would be in the interest of justice and promote trial efficiency. *See Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978) (transfer in the interest of justice where it "would apparently enable appellant to obtain personal jurisdiction over some or all of the defendants").

E.   **Remaining Factors**

The remaining factors are effectively neutral. First, the convenience of the parties is neutral because each party

would face an inconvenience by having to travel to a different state. Second, the location of relevant documents is not a significant consideration, given the availability of electronic document production and other digital tools. Third, while Morgan asserts that he "has no financial means to prosecute this action," Pl. Opp. Br. 11, he has provided no documentation to show that transfer would create a financial burden. *See Speedfit LLC v. Woodway USA, Inc.*, 53 F.Supp.3d 561, 578 (E.D.N.Y. 2014) (Without some "documentation showing that transfer would be financially burdensome, this factor is neutral."). Finally, this Court and the Middle District of Pennsylvania are equally positioned to adjudicate civil rights claims under Section 1983.

### IV.  Conclusion

For the foregoing reasons, the defendants' motion to transfer this case to the Middle District of Pennsylvania is granted. All other pending motions are denied without prejudice to renew before the transferee court.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    May 24, 2023
          Brooklyn, New York